UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKOUT, INC,<br><br>             Plaintiff,<br><br>   v.<br><br>JEN PROCESSING, LTD, et al.,<br><br>             Defendants. | Case No. 14-cv-02341-JSC<br><br>**ORDER RE PLAINTIFF'S EX PARTE MOTION FOR EXPEDITED DISCOVERY**<br><br>Re: Dkt. No. 14 |

Plaintiff Skout, Inc. ("Skout"), a California corporation which provides a free location-based platform for chatting with people online, alleges that Defendants are spammers who create fake Skout profiles to lure Skout users to websites owned by Defendants or their affiliates. Plaintiff sues for breach of contract, fraud, and violation of Business and Professions Code Section 17200. Plaintiff has attempted unsuccessfully to serve the named Defendants all of which are foreign corporations. Having been unable to serve the named Defendants thus far, Plaintiff seeks leave to conduct early discovery to identify Does 1-4 by serving subpoenas on non-party proxy registration services. Having considered Plaintiff's arguments and the relevant authority, the Court DENIES the motion for early discovery without prejudice.

**BACKGROUND**

Skout is a free location-based web platform that allows registered users to meet and chat with other users. (Dkt. No. 1 ¶ 18.) Skout users send messages to each other through the Skout platform. (*Id.* ¶ 19.) Plaintiff alleges that Defendants are spammers who have created fake Skout profiles, which they use to send fraudulent links to lure Skout's users onto their own websites, for their own commercial gain. (*Id.* ¶ 1.) In particular, Defendants are alleged to use bots or other automated techniques to direct Skout users to pornographic websites owned by Defendants or their

business affiliates. (*Id*. ¶ 32.)

Defendants' spamming activity has negatively affected Skout users' experience, damaged the users' good will towards Skout, and caused some Skout users to terminate their accounts. (*Id*. ¶ 25.) Skout has also lost prospective business relationships, and been forced to spend substantial amounts of money, time, and other resources, to combat the spam. (*Id*. ¶ 25.)

The named defendants—Jen Processing, LTD, Infium, LTD, CityNet Line, V.A.N. Kereskedelmi es Szolgaltato Beteti Tarsasag, and Epiohost LTD—are all foreign corporations doing business in California. (*Id*. ¶¶ 3-7.) Plaintiff has been unable to find valid physical addresses for any of these Defendants other than Defendant Jen Processing, LTD. (Dkt. No. 14 at 3.) Plaintiff is attempting to serve Defendant Jen Processing, LTD, a United Kingdom corporation, in accordance with the Hague Convention, but this process is estimated to take several months. (*Id*.)

Plaintiff alleges that Does 1-4 are companies or businesses doing business in the state of California who own and operate specified domain names (websites) used by the spammers. (Dkt. No. 1 ¶¶ 8-11.) However, Plaintiff alleges that Does 1-4 use proxy registration services to conceal their identities by having the proxy registration services replace the website owner's information in the public Whois directory with the proxy registration service's own information. (Dkt. No. 14 at 3:16-23.) Plaintiff contends that through a search of the publicly available Whois directory it discovered the following information regarding the proxy registration services used by Does 1-4. (Dkt. No. 14-1 ¶ 4.) Doe 1 owns and operates the domain xxxblackbook.com which uses Contact Privacy Inc. as its proxy registration service. (*Id*.) Doe 2 owns and operates the domain paydirtdollars.com and uses Domains By Proxy, LLC as its proxy registration service. (*Id*.) Doe 3 owns and operates the domains mywebcamcrush.com, webcamflushcrush.com, camflushcrush.com, blamcams.com, flirtyinvitations.com, sunnydollars.net, disrespectmybody.com, cambayHD.com, and nervoustv.com and uses Moniker Privacy Services as its proxy registration service. (*Id*.) Doe 4 owns and operates the domain cam555.com using Whoisguard Protected as its proxy registration service. (*Id*.)

Plaintiff seeks leave to propound subpoenas pursuant to Federal Rule of Civil Procedure 45

on the non-party proxy registration services to discover the identities of Does 1-4.[1]

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(d)(1) requires a court order for discovery if it is requested prior to a Rule 26(f) conference between the parties. Generally, a "good cause" standard applies to determine whether to permit such early discovery. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D.Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice of the responding party." *Id*.

To determine whether there is "good cause" to permit expedited discovery to identify doe defendants, courts consider whether:

> (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible.

*OpenMind Solutions, Inc. v. Does 1–39*, No. 11–3311, 2011 WL 4715200, at *2 (N.D. Cal. Oct.7, 2011) (citing *Columbia Ins. Co.v. seescandy.com*, 185 F.R.D. 573, 578–80 (N.D.Cal.1999)).

## DISCUSSION

Prior to seeking early discovery, Plaintiff must demonstrate that it has "ma[d]e a good faith effort to comply with the requirements of service of process and specifically identify[] defendants." *Columbia Ins. Co.*, 185 F.R.D. at 579. In *Columbia*, Plaintiff sought leave to conduct early discovery to likewise discover the identity of the owners or operators of certain domain names. *Id*. The court found that Plaintiff had made a sufficient good faith effort to identify the unknown defendant where plaintiff's counsel called the phone numbers listed in the Whois directory and sent email and hardcopies of the pending motions to the contact information listed on Whois. *Id*.

---

[1] Plaintiff has not provided the Court with copies of the subpoenas it proposes to propound on these proxy registration services.

Plaintiff has not made similar efforts here; instead, it merely alleges that it consulted the publicly available Whois directory. It insists that because the Whois directory listing suggests that each domain name is registered through a proxy registration service which masks the true identity of the website owner or operator it has made sufficient efforts to discover the identity of these doe defendants. Proxy registration services, such as those Plaintiff proposes to subpoena here, provide a service to domain name holders whereby their contact information is listed in the Whois directory maintained by the Internet Corporation for Assigned Names and Numbers ("ICANN") instead of the actual domain name holder. *See Balsam v. Tucows Inc.*, 627 F.3d 1158, 1159 (9th Cir. 2010) (discussing the responsibilities of domain registration services). Plaintiff does not allege that it made any effort to contact anyone through the information listed in the Whois directory for the specified websites, although contact information for the proxy registration services is provided on Whois. Moreover, each of the proxy registration services—Domains By Proxy, LLC, Contact Privacy Inc., Moniker Privacy Services, and Whoisguard Protected—include information on their websites about making an inquiry or complaint regarding a domain name under their control. *See, e.g.*, https://www.domainsbyproxy.com/default.aspx (Domains By Proxy, LLC )(last visited August 5, 2014); https://www.contactprivacy.com/ (Contact Privacy Inc.)(last visited August 5, 2014); http://www.moniker.com/legal/report-abuse (Moniker Privacy Services)(last visited August 5, 2014); and http://www.whoisguard.com/report-spam.asp?type=whoisguard-protected&from=index (Whoisguard Protected)(last visited August 5, 2014).

There is nothing in the record that suggests Plaintiff attempted to contact the proxy registration services prior to filing this motion. It may well be that inquiring of the proxy registration services without a court-issued subpoena will not be fruitful. But making such inquiries is not burdensome and until Plaintiff makes the inquiries, or submits other evidence or an allegation that suggests that the proxy services will not reveal the identity of a spammer absent a subpoena, the Court cannot find that they will not result in the information Plaintiff seeks, at least on this record. Plaintiff has thus failed to demonstrate that it made a sufficient effort to identify the owners or operators of the domain names at issue through reasonably available mechanisms

4

prior to seeking leave to conduct early discovery.

Accordingly, because the record does not reflect any effort on the part of Plaintiff to identify the doe defendants through the contact information provided in the Whois database prior to seeking permission to issue Rule 45 subpoenas on the proxy registration services, Plaintiff has failed to establish good cause to issue the subpoenas and the motion is denied without prejudice. Any renewed motion for early discovery should attach the proposed subpoenas.

This Order disposes of Docket No. 14.

**IT IS SO ORDERED.**

Dated: August 7, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge