UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKOUT, INC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEN PROCESSING, LTD, et al.,<br><br>　　　　Defendants. | Case No. 14-cv-02341-JSC<br><br>**ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR EARLY DISCOVERY**<br><br>Re: Dkt. No. 19 |

Plaintiff Skout, Inc. ("Skout"), a California corporation which provides a free location-based platform for chatting with people online, alleges that Defendants are spammers who create fake Skout profiles to lure Skout users to websites owned by Defendants or their affiliates. Plaintiff sues for breach of contract, fraud, and violation of Business and Professions Code Section 17200. Plaintiff has attempted unsuccessfully to serve the named Defendants all of which are foreign corporations. Having been unable to serve the named Defendants thus far, Plaintiff seeks leave to conduct early discovery to identify Does 1-4 by serving subpoenas on non-party proxy registration services. After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS the renewed motion for early discovery. (Dkt. No. 19.)

**BACKGROUND**

Skout is a free location-based web platform that allows registered users to meet and chat with other users. (Dkt. No. 1 ¶ 18.) Skout users send messages to each other through the Skout platform. (*Id*. ¶ 19.) Plaintiff alleges that Defendants are spammers who have created fake Skout

profiles, which they use to send fraudulent links to lure Skout's users onto their own websites, for their own commercial gain. (*Id*. ¶ 1.) In particular, Defendants are alleged to use bots or other automated techniques to direct Skout users to pornographic websites owned by Defendants or their business affiliates. (*Id*. ¶ 32.)

Defendants' spamming activity has negatively affected Skout users' experience, damaged the users' good will towards Skout, and caused some Skout users to terminate their accounts. (*Id*. ¶ 25.) Skout has also lost prospective business relationships, and been forced to spend substantial amounts of money, time, and other resources, to combat the spam. (*Id*. ¶ 25.)

The named defendants—Jen Processing, LTD, Infium, LTD, CityNet Line, V.A.N. Kereskedelmi es Szolgaltato Beteti Tarsasag, and Epiohost LTD—are all foreign corporations doing business in California. (*Id*. ¶¶ 3-7.) Plaintiff has been unable to find valid physical addresses for any of these Defendants other than Defendant Jen Processing, LTD. (Dkt. No. 14 at 3.) Plaintiff is attempting to serve Defendant Jen Processing, LTD, a United Kingdom corporation, in accordance with the Hague Convention, but no appearance has yet been made on its behalf. (Dkt. No. 19-1 ¶ 2.)

Plaintiff alleges that Does 1-4 are companies or businesses doing business in the state of California who own and operate specified domain names (websites) used by the spammers. (Dkt. No. 1 ¶¶ 8-11.) However, Plaintiff alleges that Does 1-4 use proxy registration services to conceal their identities by having the proxy registration services replace the website owner's information in the public Whois directory with the proxy registration service's own information. (Dkt. No. 14 at 3:16-23.) Plaintiff contends that through a search of the publicly available Whois directory it discovered the following information regarding the proxy registration services used by Does 1-4. (Dkt. No. 14-1 ¶ 4.) Doe 1 owns and operates the domain xxxblackbook.com which uses Contact Privacy Inc. as its proxy registration service. (*Id*.) Doe 2 owns and operates the domain paydirtdollars.com and uses Domains By Proxy, LLC as its proxy registration service. (*Id*.) Doe 3 owns and operates the domains mywebcamcrush.com, webcamflushcrush.com, camflushcrush.com, blamcams.com, flirtyinvitations.com, sunnydollars.net, disrespectmybody.com, cambayHD.com, and nervoustv.com and uses Moniker Privacy Services

as its proxy registration service. (*Id.*) Doe 4 owns and operates the domain cam555.com using Whoisguard Protected as its proxy registration service. (*Id.*)

Plaintiff seeks leave to propound subpoenas pursuant to Federal Rule of Civil Procedure 45 on the non-party proxy registration services to discover the identities of Does 1-4. (Dkt. No. 19-2.) The Court previously denied Plaintiff's motion for leave to conduct early discovery to serve these subpoenas without prejudice to Plaintiff first attempting to obtain the information from the proxy registration services voluntarily. (Dkt. No. 15.) Plaintiff's attempted to do so; however, the proxy registration services for Doe 2 and Doe 4, Domains By Proxy, LLC and Whoisguard Protected , respectively, have public policies prohibiting the release of information about the owners of their domain sites in connection with a civil lawsuit without a subpoena. (Dkt. No. 19-1 ¶¶ 6-7.) Plaintiff's efforts to contact the proxy registration services, Contact Privacy and Moniker Privacy Services, for Doe 1 and Doe 3, respectively, were likewise unsuccessful. (*Id*. at ¶¶ 8-9.)  Plaintiff thereafter filed the now pending renewed motion for early discovery.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26(d)(1) requires a court order for discovery if it is requested prior to a Rule 26(f) conference between the parties. Generally, a "good cause" standard applies to determine whether to permit such early discovery. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D.Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice of the responding party." *Id*.

To determine whether there is "good cause" to permit expedited discovery to identify doe defendants, courts consider whether:

> (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible.

*OpenMind Solutions, Inc. v. Does 1–39*, No. 11–3311, 2011 WL 4715200, at *2 (N.D. Cal. Oct.7,

2011) (citing *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578–80 (N.D.Cal.1999)).

## DISCUSSION

### A.  Plaintiff Identified the Missing Parties with Sufficient Specificity

Under the first factor, "the Court must examine whether the Plaintiff has identified the Defendants with sufficient specificity, demonstrating that each Defendant is a real person or entity who would be subjected to jurisdiction in this Court." *Pac. Centur y Int'l, Ltd. v. Does 1—48*, No. 11–3823, 2011 WL 4725243, at *2 (N.D. Cal. Oct. 7, 2011). The Court finds that it has.

First, Plaintiff has sufficiently established that Doe Defendants 1 through 4 are real persons or entities.  Plaintiff contends that these Doe Defendants have either directly spammed Skout's users or have acted in concert with other defendants who have directly spammed Skout's users, in order to drive traffic to their websites for their own commercial gain.  (Dkt. No. 1 ¶ 31.)

Second, with respect to the jurisdiction question, the Court applies a three-part test to determine whether a party has sufficient minimum contacts to be susceptible to specific personal jurisdiction: (1) the non-resident defendant must purposefully direct his activities into the form or purposefully avail himself of the privilege of conducting activities in the forum; (2) the claim must arise out of or relate to forum related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice. *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 802 (9th Cir. 2004).  Here, Plaintiff represents that the Doe Defendants intentionally spammed Skout which is a California company, and its users—many of whom are California residents— thus, causing foreseeable harm in California.  This is sufficient to show that the Doe Defendants may be amenable to suit in federal court. *See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc) (holding that under the purposeful direction test "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.")

### B.  Previous Steps Taken to Identify the Doe Defendants

Under the second factor, the party should identify all previous steps taken to locate the elusive defendant. *Columbia Ins. Co.*, 185 F.R.D. at 579. "This element is aimed at ensuring that

plaintiffs make a good faith effort to comply with the requirements of service of process and specifically identifying defendants." *Id*. In *Columbia*, Plaintiff sought leave to conduct early discovery to likewise discover the identity of the owners or operators of certain domain names. *Id*. The court found that Plaintiff had made a sufficient good faith effort to identify the unknown defendant where plaintiff's counsel called the phone numbers listed in the Whois directory and sent email and hardcopies of the pending motions to the contact information listed on Whois. *Id*.

The Court previously denied Plaintiff's motion for early discovery without prejudice because the record did not demonstrate that Plaintiff had attempted to contact the proxy registration services prior to filing the motion to inquiry as to whether they would voluntarily provide information regarding the identity of the owners or operators of the domain names at issue. Plaintiff thereafter emailed and/or called the four proxy registration services at issue and was unable to obtain any information regarding the domain names. (Dkt. No. 19-1 ¶¶ 5-9.) Plaintiff has thus made a sufficient showing that it attempted to identify the Doe Defendants prior to requesting early discovery.

**C. Withstanding a Motion to Dismiss**

Under the third requirement, a plaintiff should establish to the court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss. *Columbia Ins. Co*., 185 F.R.D. at 579. "A conclusory pleading will never be sufficient to satisfy this element." *Id*. Thus, plaintiff must make some showing that "an act giving rise to civil liability actually occurred and that the discovery is aimed at revealing specific identifying features of the person or entity who committed that act." *Id*. at 580.

Here, Plaintiff alleges state law claims for breach of contract, fraud, and violation of California Business and Professions Code Section 17200. The elements of a breach of contract claim under California law are: (1) the contract, (2) the plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff. *Reichert v. Gen. Ins. Co. of Am*., 68 Cal.2d 822, 830 (1968). Plaintiff alleges that all Skout users are parties to Skout's Terms which constitute a valid and enforceable contract through which the Doe Defendants—as Skout users—obtained a limited license to use Skout's services. (Dkt. No. 1 at ¶

5

38.) Plaintiff further alleges that it performed all its obligations under the Terms except those excused by the Defendants' action. (Id. at ¶ 39.) Finally, Plaintiff alleges that the Defendants have breached the contract by 1) using Skout for commercial purposes; 2) interfering with or disrupting Skout's services; 3) using Skout's services in a manner that violates local, state, national or international law; 4) using Skout's services to harm minors; 5) using Skout's services to reveal personal information about Skout users; 6) defrauding or misleading Skout and its users; 7) impersonating a person or entity and falsely stating or otherwise misrepresenting their affiliation with a person or entity; 8) creating an account by automated means and false pretenses; 9) using other users' accounts; 10) failing to comply with local rules; and 11) failing to comply with applicable laws regarding the transmission of technical data exported from the United States or the countries in which Defendants reside. This is a sufficient showing that Plaintiff's breach of contract claim would withstand a motion to dismiss which is sufficient for purposes of this factor. *See New Sensations, Inc. v. Does 1-426*, No. 12-3800, 2012 WL 4675281, at *6 (N.D. Cal. Oct. 1, 2012); *Liberty Media Holdings, LLC v. Does 1–62*, No. 11–575, 2011 WL 1869923, at *4 (S.D. Cal. May 12, 2011).

Another issue frequently addressed by courts in these types of cases is whether the Doe Defendants are properly joined. Federal Rule of Civil Procedure 20 permits joinder of defendants in a single action if a right to relief is asserted against them "arising out of the same transaction, occurrence, or series of transactions or occurrences" and a "question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2) (A)(B). "[T]he impulse is toward entertaining the broadest possible scope of the action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966); *see also League to Save Lake Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir.1997) (stating that the "primary purpose" of Rule 20 "is to promote trial convenience and to prevent multiple lawsuits"). Plaintiff alleges that its causes of action against the Doe Defendants arise out of the same series of transactions or occurrences; that is, that in the year prior to filing the Complaint, the Doe Defendants acted in concert with each other and/or other Defendants in order to spam Skout's users for their own commercial purposes and

financial gain. (Dkt. No. 1 ¶¶ 21, 31.) Thus, Plaintiff contends that there will be numerous common questions of law and fact. The Court agrees.

### D. Likelihood of Identifying the Doe Defendant Through Discovery

The final factor concerns whether the discovery sought will uncover the identities of the Doe Defendants. *See Gillespie v. Civiletti*, 629 F.2d 639, 642–43 (9th Cir. 1980) (stating that early discovery to identify doe defendants should be allowed "unless it is clear that discovery would not uncover the identities"); *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir.1999) (holding that "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities"). Here, the Doe Defendants appear to be using proxy registration services to mask their true identity and these proxy registration services are unwilling to provide information regarding the Doe Defendants' identities absent a subpoena. (Dkt. No. 19-1 ¶¶ 6-9.) Plaintiff has thus demonstrated that a subpoena on these proxy registration services should reveal the identities of the individuals or entities behind the domain names at issue.

### CONCLUSION

For the reasons stated above, Plaintiff's motion for early discovery is GRANTED. (Dkt. No. 19.)

**IT IS SO ORDERED**.

Dated: January 15, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge